# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBBIE A. SHOEBOTTOM, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-06-500-RAW-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
|        **Defendant.** | ) |

## REPORT AND RECOMMENDATION

The claimant Robbie A. Shoebottom requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and "[t]he substantiality of evidence must take

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on July 22, 1959, and was 46 years old at the time of the administrative hearing. He has a high school education and previously worked as a truck driver and driving instructor. The claimant alleges he has been unable to work since November 22, 2001, because of heart problems, strokes, and high blood pressure.

## Procedural History

On March 11, 2004, the claimant protectively filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. The applications were denied. After a hearing on August 23, 2005, ALJ Lantz McClain found the claimant was not disabled in a decision dated December 23, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform sedentary work, *i. e.*, he could lift and/or carry 10 pounds; stand and/or walk with normal breaks for two hours in an eight-hour workday; and sit with normal breaks for six hours in an eight-hour workday (Tr. 16). The ALJ concluded that although the claimant could not return to his past relevant

work, a finding of not disabled was nevertheless directed under Rule 201.21 of the Medical-Vocational Guidelines (Tr. 22-23).

**Review**

The claimant contends that the ALJ erred: (i) by failing to recognize all of his severe impairments; (ii) by failing to include all of his limitations in the RFC; and, (iii) by improperly analyzing his credibility. In his first contention, the claimant argues that the ALJ erred by finding his anxiety was not a severe impairment at step-two of the sequential analysis. The undersigned Magistrate Judge finds that the ALJ *did* fail to properly consider the claimant's mental impairment.

The record reveals that during a visit to the emergency room in January 2001, the claimant was assessed as irritable (Tr. 111). At another emergency room visit in January 2004, the claimant was noted to have a history of anxiety (Tr. 136), and he was ultimately diagnosed with anxiety and depression and prescribed Xanax (Tr. 136-37). The claimant was still taking Xanax in March 2004 (Tr. 154) and in June 2004 (Tr. 156). Dr. Abdolkarim Khorasanchian, M.D., a consulting physician who examined the claimant in August 2004, assessed him with brief periods of hyperventilation and anxiety. Among other conditions, Dr. Khorasanchian diagnosed the claimant with a history of chronic anxiety (Tr. 165). The claimant reported on his Disability Report that he took Xanax to control his nerves (Tr. 67). He testified at the administrative hearing that although he took Xanax, it often made him feel "zoned out." (Tr. 255-56). He also testified that he became easily frustrated and angry with others, especially his kids (Tr. 256-57).

The ALJ's only finding with regard to the claimant's anxiety was that it resulted in "no work-related limitations." (Tr. 16). This analysis was flawed, however, because the ALJ failed to employ the "special technique" for mental impairments set forth in 20 C.F.R. § 404.1520a and § 416.920a and to document his findings. *See Cruse v. United States Department of Health & Human Services*, 49 F.3d 614, 617 (10th Cir. 1995) ("When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a [and § 416.920a] and the Listing of Impairments and document the procedure accordingly."), *citing Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993). In conducting a "PRT analysis" pursuant to these regulations, the ALJ must first evaluate whether the claimant has a "medically determinable mental impairment," 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1), and then determine the degree of function that the claimant has lost as a result of the impairment by assessing the claimant's level of functioning in four specific areas. *Cruse*, 49 F. 3d at 617.[2] *See also Grogan v. Barnhart*, 399 F.3d 1257, 1264 (10th Cir. 2005) ("[T]here is a specific two-step procedure that the Commissioner must follow when determining whether a claimant has a mental impairment. The Commissioner must first evaluate your pertinent symptoms, signs and

---

[2] The four broad areas of function are the following: (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace; and, (iv) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ must assess the degree of functional loss in each area on a five-point scale. The first three areas utilize descriptive terms of none, mild, moderate, marked, and extreme. The fourth area utilizes numerical terms of none, one to two, three, and four or more. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4).

laboratory findings to determine whether you have a medically determinable mental impairment(s). Then the Commissioner evaluates the impact that the mental impairment has on the claimant's ability to function under 20 C.F.R. § 404.1520a(b)(2), *et seq*.") [citations and quotations omitted]. The ALJ does not have to personally complete a PRT form, but he must document his findings in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e). Here, the ALJ erred because he never specifically determined whether the claimant had a "medically determinable impairment;" he neither applied the "special technique" nor assessed the claimant's degree of functioning in the four broad areas. The undersigned Magistrate Judge may not perform the required analysis for him. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2000) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991). *See also Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create . . . post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted].

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis of the claimant's mental impairment. On remand, the ALJ should conduct a PRT analysis of the claimant's mental impairment pursuant to 20 C.F.R. § 404.1520a and § 416.920a. If the ALJ concludes that the claimant does have a severe mental impairment, he should determine the claimant's functional limitations, include them in an appropriate RFC, and then determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 22nd day of January, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**